UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHERRYL AUGUSTE,

                Plaintiff,

           -v.-

NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES; WOMEN IN NEED, INC. (WIN); DWAYNE MESSAM,

                Defendants.

25 Civ. 7031 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

Plaintiff Cherryl Auguste, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated her constitutional rights. She names as Defendants the New York City Department of Homeless Services ("DHS"), Women In Need, Inc. ("WIN"), and Assistant Vice President at WIN, Dwayne Messam.

By Order dated September 23, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses Plaintiff's claims against the DHS and adds the City of New York as a defendant.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston* v.

*Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.  Department of Homeless Services**

Plaintiff's claims against DHS must be dismissed. In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards* v. *Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter." (emphasis in original)). Under New York City's municipal charter, agencies of the City of New York cannot be sued in the name of the agency, unless the agency has been granted that capacity. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The New York City Charter does not

grant DHS the capacity to sue and be sued in the name of the agency. *See id.* ch. 24, § 612 (discussing the powers and duties of DHS). Because DHS lacks the capacity to be sued in the name of the agency, Plaintiff's claims against DHS must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    City of New York

In light of Plaintiff's *pro se* status, and clear intention to assert claims against the City of New York, the Court construes her complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace DHS with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### C.    Order of Service

The Court understands that counsel for Defendants has already entered a notice of appearance (Dkt. #8), and, indeed, that Defendants have already filed an answer (Dkt. #12). Accordingly, the Court will not issue a separate order of service, but rather will schedule an initial pretrial conference under separate cover.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff at her address of record. Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Court dismisses Plaintiff's claims against the New York City Department of Homeless Services. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21 and terminate DHS as a defendant. The Clerk of Court is also directed to terminate the motion at docket entry 9, which motion has been rendered moot by Defendants' filing of an answer.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 3, 2025
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge