UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHERRYL AUGUSTE,<br><br>                  Plaintiff,<br><br>              -v.-<br><br>WOMEN IN NEED, INC., DWAYNE MESSAM, and CITY OF NEW YORK,<br><br>                  Defendants. | 25 Civ. 7031 (KPF)<br><br>**ORDER GRANTING REQUEST FOR PRO BONO COUNSEL** |

KATHERINE POLK FAILLA, District Judge:

      Plaintiff Cherryl Auguste, who is currently proceeding *pro se*, brought this case under 42 U.S.C. § 1983 for certain constitutional, statutory, and common-law violations allegedly committed by Defendants Women In Need, Inc. ("WIN"), Dwayne Messam, and the City of New York. Ms. Auguste filed a motion for the Court to request *pro bono* counsel. For the following reasons, her motion is granted.

## LEGAL STANDARD

      The *in forma pauperis* ("IFP") statute provides that courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel in civil cases. *See Hodge* v. *Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" in deciding whether to request the appointment of counsel. *Id.*

      Even if a court believes that a litigant should have legal representation, under the IFP statute, the court has no authority to "appoint" counsel, but

instead may only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, such as by successfully applying for leave to proceed IFP. *See Terminate Control Corp.* v. *Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994). The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Hodge,* 802 F.2d at 60-61. If those threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering those factors, courts should neither apply bright-line rules nor automatically deny the

request for counsel until the application has survived a dispositive motion. *See Hendricks* v. *Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

The Court first determines that Ms. Auguste qualifies as indigent. Upon filing her complaint, Ms. Auguste requested to proceed *in forma pauperis* ("IFP") (Dkt. #2), which the Court granted (Dkt. #10). When Ms. Auguste filed her motion for the Court to request counsel, she affirmed that she was "financially unable to hire counsel." (Dkt. #19). It therefore appears that Ms. Auguste's financial status has not changed.

In addition, the Court finds that certain of Ms. Auguste's claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62. Her complaint includes detailed allegations of potential constitutional, statutory, and common-law violations. (*See* Dkt. #1). For example, Ms. Auguste alleges that she suffered harassment, forced medical interventions that separated Ms. Auguste from her children, and retaliation for filing complaints at the WIN-operated shelter where she and her children were placed. (*Id.*). Ms. Auguste claims that Defendants' actions violated her First, Fourth, and Fourteenth Amendment rights, the Americans with Disabilities Act (the "ADA"), and the Fair Housing Act (the "FHA"), and that Defendants' conduct amounted to intentional infliction of emotional distress. (*Id.*). That some of Ms. Auguste's claims may be meritorious is evidenced by Defendants' decision to answer her complaint

3

instead of moving to dismiss it right away. (*See* Dkt. #12). At the very least, discovery will make clearer the substance underlying the claims.

The Court similarly concludes that the other *Hodge* factors weigh in favor of granting Ms. Auguste's application. She is indigent and suffers from mental health issues, which may impede her ability to "investigate the crucial facts" of this case. *Hodge*, 802 F.2d at 61. Her version of events is also contested by Defendants (*see* Dkt. #17), which may lead to the need for cross-examination. *See Hodge*, 802 F.2d at 61-62. In addition, as this case enters discovery, counsel would facilitate Ms. Auguste's "ability to present the case." *Id.* at 62. Furthermore, some of the legal issues in this case are complex, implicating several constitutional rights, federal statutes, and the common law. *Id.*

The totality of the circumstances indicates that representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61 (citing *Ulmer* v. *Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for the Court to request pro bono counsel is GRANTED.

The Court advises Plaintiff that there are no funds to retain counsel in civil cases, and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee,

however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

Separately, for the reasons given by the Court at the November 19, 2025 initial pretrial conference, Plaintiff's motion for an emergency protective order is DENIED.

The Clerk of Court is directed to terminate the pending motions at docket entries 19 and 21. The Clerk of Court is further directed to mail of copy of this Order to Plaintiff at her address of record.

SO ORDERED.

Dated:   November 20, 2025
         New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge