Case No. 1:25-cv-07031 (KPF)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK



Cherryl Auguste,

Plaintiff,

v.

Women In Need, Inc., et al.,

Defendants.

---

## EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND IMMEDIATE HOUSING AND RELOCATION RELIEF

Plaintiff, Cherryl Auguste, proceeding pro se, respectfully moves this Court on an emergency basis for a Preliminary Injunction directing Defendants to:

1. Immediately provide housing outside of the shelter system;

2. Provide relocation assistance, including assistance to relocate outside of New York,

3. Prohibit continued placement in any shelter environment and prohibit ongoing harm and retaliation.

---

## 1. Factual Basis and Severe, Ongoing Harm and Retaliation

Plaintiff currently resides with her children at: 440 West 41st Street, New York, NY.

Plaintiff has post-traumatic stress disorder (PTSD) from experiences at a WIN shelter in Brooklyn. Since being placed in the shelter system, Plaintiff has experienced continuous emotional distress and ongoing harm and retaliation.

The ongoing harm is caused not by individual shelter staff, who are generally kind, but by the structure and environment of the shelter system itself and by being in New York.

Plaintiff's current address, 440 West 41st Street, is itself triggering. She believes her abuser, a high-profile individual, continues to exert control over her life, and this location appears to be intentionally selected to retraumatize her, as the abuser released an album titled "444."

Living in this location and the shelter system causes Plaintiff to feel controlled and unsafe. She does not feel comfortable continuing to live here or in New York. Immediate court intervention is necessary to remove her and her children from this environment and provide safe housing, including relocation outside of New York, such as Florida.

Every night, Plaintiff cries. Every day, she experiences distress and panic attacks simply from being in this environment.

Plaintiff also lacks resources to support herself and her children outside the shelter system and faces immigration-related harm, which further increases urgency.

## 2. Context Contributing to Plaintiff's Distress and Sense of Unsafety

Plaintiff previously filed a lawsuit involving a high-profile individual. Since that time, Defendants and related parties have engaged in ongoing actions to control, interfere with, and retaliate against Plaintiff and her family, including limiting access to housing, finances, and basic resources. The ongoing harm and emotional distress I experience daily is intensified by the shelter system itself and being in New York, which retriggers trauma from my prior experiences at the WIN shelter.

Plaintiff does not feel safe or comfortable continuing to live at this location, within the shelter system, or within New York.

## 3. Impact on Family

Plaintiff and her children have experienced deep emotional distress, ongoing harm, and retaliation. The shelter environment has created a continuous state of anxiety, fear, and emotional strain for the entire family.

## 4. Prior Motion and Escalation of Ongoing Harm and Retaliation

Plaintiff previously sought relief from this Court regarding housing conditions. Despite that request, the ongoing harm and retaliation have continued and worsened.

## 5. Irreparable Ongoing Harm and Retaliation

Plaintiff suffers immediate and irreparable ongoing harm and retaliation. Courts recognize that ongoing emotional and psychological harm caused by living conditions constitutes irreparable injury (Winter v. NRDC, 555 U.S. 7 (2008)).

While monetary damages may provide some remedy, they cannot fully address the ongoing harm and trauma Plaintiff and her children are experiencing. Immediate court intervention is necessary to prevent further harm.

Each day Plaintiff remains in the shelter system, her PTSD, anxiety, and emotional distress worsen due to ongoing harm and retaliation.

## 6. Legal Standard (Revised)

A preliminary injunction is appropriate where there is irreparable ongoing harm and retaliation and immediate relief is necessary to prevent further emotional distress and trauma.

Plaintiff's continued placement in the shelter system violates her rights under:

- The Due Process Clause of the 14th Amendment

- The Americans with Disabilities Act (42 U.S.C. § 12101 et seq.)

## 7. Request for Immediate Court Action

Plaintiff respectfully requests that the Court:

1. Order Defendants to immediately remove Plaintiff and her children from the shelter system;

2. Order Defendants to provide safe, stable housing outside of the shelter system;

3. Prohibit continued placement in any shelter environment causing ongoing harm and retaliation;

4. Order Defendants to provide relocation assistance, including to Florida;

5.  Grant any other relief the Court deems just.

## 8. Urgency

Every night, Plaintiff cries. Every day, she experiences panic attacks triggered by PTSD.

The shelter system and her current address at 440 West 41st Street are directly triggering and causing continuous ongoing harm and retaliation. Immediate court intervention is necessary.

## Affidavit of Cherryl Auguste

1.  I reside with my children at 440 West 41st Street, New York, NY.

2.  I have PTSD from experiences at a WIN shelter in Brooklyn. Living in the shelter system triggers my PTSD, causing severe anxiety, panic attacks, and ongoing harm and retaliation.

3.  Being in the shelter system causes deep emotional distress and ongoing harm. This harm is due to the structure and environment of the shelter system itself and being in New York, which retriggers traumatic experiences from my time in the WIN shelter, not due to individual shelter staff.

4.  Every night I cry. Every day I feel distressed being in this environment.

5.  I lack resources to support myself and my children and face immigration-related harm.

6.  I previously filed a lawsuit involving a high-profile individual. Since that time, Defendants and related parties have engaged in ongoing actions to control, interfere with, and retaliate against my family, including limiting access to housing, finances, and basic resources. The ongoing harm and emotional distress I experience daily is intensified by the shelter system itself and being in New York, which retriggers trauma from my prior experiences at the WIN shelter.

7.  My current placement at 440 West 41st Street is deeply triggering, as it reminds me of the control my abuser continues to have over my life. The fact that this location corresponds to events tied to him, including his album "444," makes me feel that he is still able to exert influence over my life. I do not feel safe or comfortable here or anywhere in New York, and I need immediate action from the Court to relocate me and

my children to safe housing.

8. My children and I have experienced deep emotional distress, ongoing harm, and retaliation since being placed in the shelter system.

9. While monetary damages may provide some remedy, they cannot fully address the ongoing harm and trauma my children and I are experiencing. Immediate court intervention is necessary.

10. I urgently ask the Court to intervene and help us leave the shelter system and obtain safe housing, including relocation outside New York, including Florida.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 04/7/026

_____

Cherryl Auguste

The Court has received Plaintiff's above-motion, her letter clarifying the resubmission of her motion (Dkt. #44), and her proposed order to show cause (Dkt. #46).

As the Court made clear in its previous endorsement (Dkt. #43), the Court is unable to order the relief that Plaintiff seeks, including relocation to Florida.  Therefore, Plaintiff's motion is DENIED.

The Clerk of Court is directed to terminate the pending motion at docket entry 45.  The Clerk of Court is further directed to mail a copy of this endorsement to Plaintiff at her address of record.

Dated:     April 15, 2026          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE